UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Richard Rozycki,<br>Gloversville, New York 12078<br>On His Behalf And On Behalf Of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>Building Products of Canada Corp.,<br>9510 St. Patrick St.<br>LaSalle, QC H8R 1R9<br><br>    Defendant. | Civil Action No. 6:11-CV-1512 (LEK/ATB) |

## COMPLAINT

Plaintiff Richard Rozycki, on behalf of himself and others similarly situated, by and through his undersigned counsel, alleges as follows:

## NATURE OF ACTION

1.     This is a consumer class action on behalf of all persons and entities that purchased Defendant Building Products of Canada Corp. ("BP") organic shingles manufactured and/or distributed by Defendant BP under various trade names.

2.     Defendant manufactured and marketed organic roofing shingle products ("Organic Shingles"), including without limitation Eclipse, ProStandard, and Rampart Organic Shingles. The Organic Shingles have been marketed, represented, and warranted by Defendant as durable, suitable, and long-lasting.

3.     For years, Defendant has been manufacturing, warranting, advertising, and selling defective Organic Shingles to tens of thousands of consumers throughout the United States.

Defendant failed adequately to design, formulate, and test the Organic Shingles before warranting, advertising, and selling them as durable and suitable roofing products. Defendant warranted, advertised, and sold to Plaintiff and the class (defined below) Organic Shingles that Defendant knew or reasonably should have known were defectively designed. Indeed, Defendant knew or reasonably should have known that such Organic Shingles failed prematurely due to, *inter alia*, moisture invasion, cracking, adhesive failure, curling, blistering, deteriorating, granulation loss, as well as by blowing off the roof and otherwise not performing in accordance with the reasonable expectations of Plaintiff and the class. As a result, Plaintiff and the class have experienced, and continue to experience, progressive damage to their property.

4. Defendant BP's web site indicates that the Company Vision is the following: "Building Products of Canada Corp., a premium company, is the supplier of choice for high quality, value-added products to the building industry." The web site further represents that Defendant BP "has been producing quality home building and home renovation products for over a century."

5. According to Defendant BP's web site, "Total Quality is an Attitude." The web site promises, *inter alia*, as follows:

> Building Products of Canada is committed to providing quality, value added products and services to its clients. To this end, we are focused on the following principles:
>
> • We will meet or exceed customers' expectations for consistent, quality product and reliable service….

Defendant BP has failed entirely to live up to these promises.

6. Defendant BP provided a warranty to Plaintiff and class members. Plaintiff's warranty runs for a 25-year period because it is for Rampart shingles. The warranty by its terms runs to Plaintiff, as the owner of the property on which BP shingles are installed, and provides

2

that the shingles are free from certain manufacturing defects during the warranty period, subject to the conditions and restrictions provided therein. The warranty coverage varies depending on when during the warranty period the manufacturing defect appears, but generally provides that Defendant BP may repair or replace defective shingles or pay to the owner the repair or replacement cost of defective shingles, subject to various limitations and restrictions.

7. Plaintiff and the class's Organic Shingles have failed, are failing, and will continue to fail before the warranty period expired or expires.

8. As a result, Plaintiff and the class have suffered actual damages in that the roof shingles on their homes, buildings, and other structures have failed and will continue to fail prematurely, resulting in damage or the risk of damage to the underlying structure and requiring them to expend thousands of dollars to replace the defective shingles and/or to repair damages resulting from the failure of the Organic Shingles.

9. Plaintiff and the class's Organic Shingles suffer from a set of common defects, as described herein. Despite receiving a litany of complaints from consumers such as Plaintiff and the members of the class, Defendant has failed and refused to notify consumers of the defects or to honor the warranties on the shingles.

## PARTIES

10. Plaintiff Richard Rozycki is a resident of Gloversville, New York. Plaintiff purchased Defendant's Rampart Organic Shingles for installation on his home in 2000. He notified Defendant BP in 2011 that the shingles were deteriorating and submitted a warranty claim. Defendant denied his claim on the purported grounds that Plaintiff's shingles did not exhibit a manufacturing defect which could result in water infiltrations during the warranty period.

11. Defendant BP is a Canadian corporation with a principal place of business at 9510 St. Patrick Street, LaSalle, QC, H8R 1R9, Canada, and does substantial business throughout North America, including in New York. Defendant BP manufactures and distributes building products, including residential, commercial, and industrial roofing products. Specifically, Defendant BP, at all material times, was engaged in the design, manufacture, marketing, and sale of Organic Shingles that have been installed in numerous homes, offices, buildings, and other structures throughout the United States, including in New York.

## JURISDICTION AND VENUE

12. Defendant conducts substantial business in New York, including the sale and distribution of Organic Shingles, and have sufficient contacts with New York, or otherwise intentionally avails itself of the laws and markets of New York, so as to sustain this Court's exercise of personal jurisdiction over Defendant.

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) in that the class includes citizens of New York and other states, Defendant is a citizens of Canada, and the amount in controversy exceeds Five Million Dollars ($5,000,000.00).

14. Venue is proper in this district pursuant to 28 U.S.C. § 1391, *et seq.* because a substantial part of the events giving rise to the claim occurred in New York.

## CLASS ALLEGATIONS

15. This action has been brought and may properly be maintained as a national class action pursuant to Federal Rule of Civil Procedure 23, on behalf of Plaintiff and all others similarly situated, with the Class defined as follows: All individuals and entities that have owned, own, acquired, or were assigned homes, residences, buildings, or other structures located in the United States on which Defendant's Organic Shingles are or have been installed.

Excluded from the Class are Defendant, any entity or corporation affiliated with Defendant, and their assigns and successors.

16. Alternatively, Plaintiff seeks certification of the following subclass: All individuals and entities that have owned, own, acquired, or were assigned homes, residences, buildings, or other structures located in New York on which Defendant's Organic Shingles are or have been installed. Excluded from the Class are Defendant, any entity or corporation affiliated with Defendant, and their assigns and successors.

17. Members of the Class(es) are so numerous that their individual joinder is impracticable. The proposed Class(es) are each comprised of hundreds and likely thousands of members. The precise number of Class members is unknown to Plaintiff. Upon information and belief, however, Plaintiff believes it is well in excess of 1,000 in New York, and tens of thousands nationwide. The true number of Class members is likely to be known by Defendant. Members of the Class(es) may be notified of the pendency of this action by mail and publication, using forms of notice similar to those customarily used in class actions.

18. Plaintiff's claims are typical of the claims of Class members in that Plaintiff, like all Class members, own structures on which defective Organic Shingles manufactured by Defendant were installed. Those Organic Shingles have failed and will continue to fail prematurely. The representative Plaintiff, like all Class members, has been damaged by Defendant's conduct in that they have suffered damages as a result of the defective Organic Shingles.

19. There are numerous questions of law and fact common to Plaintiff and the Class(es), and those questions predominate over any questions that may affect individual Class members. Common questions include the following:

a. Whether the Organic Shingles are defective, in that they are subject to moisture penetration, cracking, curling, blistering, blowing off the roof, premature failure, and are not suitable for use as an exterior roofing product for the length of time advertised, marketed, and warranted;

b. Whether Defendant knew or should have known of the defective nature of the Organic Shingles;

c. Whether Defendant owed a duty to Plaintiff and the Class to exercise reasonable and ordinary care in the formulation, testing, design, manufacture, warranting, and marketing of the Organic Shingles;

d. Whether Defendant breached its duty to Plaintiff and the Class by designing, manufacturing, advertising, and selling to Plaintiff and the Class defective Organic Shingles, and by failing promptly to remove the Organic Shingles from the marketplace, or take other appropriate remedial action;

e. Whether the Organic Shingles failed to perform in accordance with the reasonable expectations of ordinary consumers;

f. Whether the Organic Shingles fail to perform as advertised, marketed, and warranted; and

g. Whether Plaintiff and the Class are entitled to compensatory damages, and the amount of such damages.

20. Plaintiff will fairly and adequately protect the interests of the Class(es). Plaintiff has retained counsel with substantial experience in prosecuting statewide, multi-state, and national consumer class actions, including actions involving defective products. Plaintiff and his

counsel are committed to prosecuting this action vigorously on behalf of the Class(es) they represent. Neither Plaintiff nor his counsel have any interest adverse to those of the Class.

21.     Plaintiff and the members of the Class have all suffered, and will continue to suffer, harm and damages as a result of Defendant's conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Absent a class action, the vast majority of the Class members likely would find the cost of litigating their claims to be prohibitive, and would have no effective remedy at law to afford them complete relief. Because of the relatively small size of the individual Class members' claims, it is likely that only a few Class members could afford to seek legal redress for Defendant's conduct. Further, the cost of litigation could very well equal or exceed any recovery. Absent a class action, Class members will thus continue to incur damages without remedy. Class treatment of common questions of law and fact would also be superior to multiple individual actions or piecemeal litigation, in that class treatment would conserve the resources of the courts and the litigants and will promote consistency and efficiency of adjudication.

## **FIRST CAUSE OF ACTION**
**(Negligence)**

22.     Plaintiff incorporates by reference each of the foregoing allegations.

23.     Defendant had a duty to Plaintiff and the Class to exercise reasonable and ordinary care in the formulation, testing, design, manufacture, instruction in uses, and marketing of the Organic Shingles.

24.     Defendant breached its duty to Plaintiff and the Class by designing, manufacturing, advertising, failing to properly instruct, and selling to Plaintiff and the Class a product that is defective and will fail prematurely, and by failing to promptly remove the Organic Shingles from the marketplace, or to take other appropriate remedial action.

25. Defendant knew or should have known that the Organic Shingles were defective, would fail prematurely, were not suitable for use as an exterior roofing product, and otherwise were not as warranted and represented. Defendant had a continuing post-sale duty to adequately instruct or warn of the true nature of the Organic Shingles.

26. As a direct and proximate cause of Defendant's negligence, Plaintiff and the Class have suffered actual damages in that they purchased and installed on their homes, residences, buildings, and other structures Organic Shingles that are defective and that have failed or will fail prematurely. These failures have caused and will continue to cause Plaintiff and the Class to incur expenses repairing and/or replacing their roofs as well as property damage from the failure of the Organic Shingles.

## SECOND CAUSE OF ACTION
### (Strict Products Liability)

27. Plaintiff incorporates by reference each of the foregoing allegations.

28. At all relevant times, Defendant was engaged in the business of manufacturing the Organic Shingles which are the subject of this action.

29. The Organic Shingles were expected to and did reach Plaintiff and the Class without substantial change to the condition in which they were manufactured and sold by Defendant.

30. The Organic Shingles installed on Plaintiff's and the Class Members' properties were and are defective, and unfit for their intended use. The use of the Organic Shingles has caused, and will continue to cause, property damage to Plaintiff and the Class.

31. Defendant's Organic Shingles fail to perform in accordance with the reasonable expectations of Plaintiff, the Class, and ordinary consumers, and the benefits of the design of the Organic Shingles do not outweigh the risk of their failure.

32. By reason of the foregoing, Defendant is strictly liable to Plaintiff and the Class.

## THIRD CAUSE OF ACTION
### (Breach of Express Warranty)

33. Plaintiff incorporates by reference each of the foregoing allegations.

34. Defendant marketed and sold its Organic Shingles into the stream of commerce with the intent that the Shingles would be purchased by Plaintiff and members of the Class.

35. Defendant expressly warranted that its Organic Shingles are free from certain manufacturing defects during the warranty period. The warranty periods for different models of Organic Shingles were as much as 35 years. Defendant's warranties were express warranties which became part of the basis of the bargain Plaintiff and members of the Class entered into when they purchased the Organic Shingles.

36. Defendant breached its express warranties to Plaintiff and the Class in that the Organic Shingles are not free from manufacturing defects, including manufacturing defects which may result in water damage. Defendant's Organic Shingles crack, split, curl, warp, discolor, delaminate, blow off the roof, deteriorate prematurely, and otherwise do not perform as warranted by Defendant, and they have caused and/or are causing damage to the underlying roof elements, structures, and/or interiors of Plaintiff's and Class members' homes, residences, buildings, and structures.

37. Defendant's warranties fail of their essential purpose because they purport to warrant that the Organic Shingles will be free from structural breakdown for as long as 35 years when, in fact, Defendant's Organic Shingles fall far short of the applicable warranty period.

38. Defendant has been and continues to be notified by Class Members that its Organic Shingles are defective and prematurely and unreasonably deteriorate. Defendant has

failed to live up to its warranty by not responding to customer complaints and/or failing to honor its warranties.

39. As a result of Defendant's breach of its express warranties, Plaintiff and the Class have suffered actual damages in that they purchased and installed on their homes and other structures an exterior roofing product that is defective and that has failed or is failing prematurely. This failure has required and/or is requiring Plaintiff and the Class to incur significant expense in repairing and/or replacing their roofs. Replacement is required to prevent on-going and future damage to the underlying roof elements, structures, and/or interiors of Plaintiff's and Class members' homes and structures.

## FOURTH CAUSE OF ACTION
**(Breach of Implied Warranty)**

40. Plaintiff incorporates by reference each of the foregoing allegations.

41. At all times mentioned herein, Defendant manufactured and/or supplied Organic Shingles, and prior to the time they were purchased by Plaintiff, Defendant impliedly warranted to Plaintiff, and to Plaintiff's agents, that the product was of merchantable quality and fit for the use for which it was intended.

42. Plaintiff and Plaintiff's agents relied on the skill and judgment of Defendant in using the aforesaid products.

43. The products were unfit for their intended use and were not of merchantable quality, as warranted by Defendant, in that they had propensities to break down and fail to perform and protect when put to their intended use. The aforesaid products did cause Plaintiff to sustain damages as herein alleged.

44. After Plaintiff was made aware of his damages as a result of the aforesaid products, notice was duly given to Defendant of the breach of said warranty.

45. As a direct and proximate result of the breach of said warranties, Plaintiff and the Class members suffered, and will continue to suffer, loss as alleged herein in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### (Fraudulent Concealment)

46. Plaintiff incorporates by reference each of the foregoing allegations.

47. At all times mentioned herein, Defendant had the duty and obligation to disclose to Plaintiff the true facts concerning its Organic Shingles; that is that the Organic Shingles were defective and unreliable. Defendant, however made the affirmative representations set forth above to Plaintiff, the Class, and the general public prior to the date Plaintiff purchased the Organic Shingles, while concealing the material described herein.

48. At all times mentioned herein, Defendant intentionally, willfully, and maliciously concealed or suppressed the facts set forth above from Plaintiff with the intent to deceive and defraud as herein alleged.

49. At all times mentioned herein, Plaintiff was not aware of the facts set forth above and had he been aware of said facts, he would not have acted as he did, that is, would not have purchased Defendant's Organic Shingles.

50. As a result of the concealment or suppression of the facts set forth above, Plaintiff and the Class members sustained damages in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION
### (Breach of Contract)

51. Plaintiff incorporates by reference each of the foregoing allegations.

52. Plaintiff and the Class members have entered into valid contracts and warranty agreements with Defendant supported by consideration, which contracts and agreements include

an express warranty. Pursuant to these contracts and agreements, including the express warranty, Defendant was obligated to provide Plaintiff and the Class members with Organic Shingles that were of merchantable quality and fit for the use for which they were intended. Defendant received payment of the purchase price for its Organic Shingles from Plaintiff and the Class.

53. Plaintiff and the Class performed and satisfied their obligations under these contracts, warranties, and agreements.

54. Defendant failed to perform as required by the express warranty and breached said contracts and agreements because it provided Plaintiff and the Class with Organic Shingles that are defective and unfit for their intended use, and failed to appropriately repair and/or replace the Organic Shingles.

55. As a result of Defendant's failure to perform, Plaintiff and the Class members sustained damages in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION
**(Unjust Enrichment)**

56. Plaintiff incorporates by reference each of the foregoing allegations.

57. Substantial benefits have been conferred on Defendant by Plaintiff and the Class, and Defendant has knowingly appreciated these benefits.

58. Defendant's acceptance and retention of these benefits under the circumstances make it inequitable for Defendant to retain the benefit without payment of the value to Plaintiff and the Class.

59. Defendant, by the conduct complained of herein, has been unjustly enriched in a manner that warrants restitution.

60. As a proximate consequence of Defendant's improper conduct, Plaintiff and the Class members were injured. Defendant has been unjustly enriched, and in equity, should not be allowed to obtain this benefit.

## **EIGHTH CAUSE OF ACTION**
### **(Breach Of Implied Warranty Of Merchantability)**

61. Plaintiff incorporates by reference each of the foregoing allegations.

62. As a manufacturer and seller of Organic Shingles, Defendant is a "merchant," within the meaning of N.Y. U.C.C. § 2-314.

63. The Organic Shingles are "goods," as defined in N.Y. U.C.C. § 2-314.

64. Defendant impliedly warranted to Plaintiff and Class Members that the Organic Shingles were of merchantable quality, would pass without objection in the trade, and were fit for the ordinary purposes for which the Organic Shingles are used.

65. Plaintiff and Class members relied on Defendant's skill and judgment in the selection, purchase, and use of the Organic Shingles.

66. The Organic Shingles are defective for the reasons set forth herein. As such, the Organic Shingles were not of merchantable quality at the time they were sold, and were unable to function in their ordinary capacities, as impliedly warranted by Defendant.

67. Defendant was put on notice of the defects by the numerous complaints that Defendant received concerning the defects and by the filing of this lawsuit.

68. The remedies provided by Defendant failed of their essential purpose in that Defendant has failed and refused to repair or replace Plaintiff's and Class Members' defective Organic Shingles.

69. Any purported disclaimer or limitation of the implied warranty of merchantability on the part of Defendant is unconscionable and unenforceable because Defendant possessed

actual, exclusive knowledge of the defect in the Organic Shingles at all relevant times as alleged herein.

70. As a proximate result of Defendant's breach of implied warranties, Plaintiff and Class members have sustained damages and other losses in an amount to be determined at trial.

## NINTH CAUSE OF ACTION
### (Violation of the New York Deceptive Trade Practices Act)

71. Plaintiff incorporates by reference each of the foregoing allegations.

72. Defendant committed deceptive trade practices in connection with the misconduct herein alleged, including through its acts of fraudulent concealment. Such acts include Defendant's intentional concealment from Plaintiff and other consumers among the general public that its Organic Shingles were defective, while continually marketing the Organic Shingles as dependable, high quality products that would last for decades. Defendant's acts of fraudulent concealment include failing to disclose that its Organic Shingles were defectively manufactured and would deteriorate in less than half their expected lifetime, leading to damage to the very structures they were purchased to protect. Through such acts Defendant was able to conceal from the public the truth concerning its products. Defendant had a duty to disclose that its Organic Shingles were defective, unreliable, and inherently flawed in their design and/or manufacturer, which it violated.

73. Defendant's conduct herein described, including its violation of its duty to disclose and fraudulent concealment of defects in the Organic Shingles, constitutes a deceptive trade practice in violation of N.Y.G.B.L. § 349.

74. Defendant's deceptive acts described herein were directed at consumers such as Plaintiff.

75. Defendant's deceptive acts described herein were misleading in a material way.

14

76.     As a proximate result of Defendant's deceptive acts, Plaintiff and the public, including the Class and/or Subclass, have been damaged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests of this Court the following relief, on behalf of himself and all others similarly situated:

a.     For an Order certifying a nationwide Class and a New York Subclass, appointing Plaintiff as Class Representatives, and appointing the undersigned counsel of record as Class counsel;

b.     Equitable and injunctive relief enjoining Defendant BP from pursuing the policies, acts, and practices described in this Complaint;

c.     For damages and enhanced damages under statutory and common law as alleged in this Complaint, in an amount to be determined at trial;

d.     Pre-judgment and post-judgment interest at the maximum rate allowable at law;

e.     The costs and disbursements incurred by Plaintiff and his counsel in connection with this action, including reasonable attorneys' fees; and

f.     Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff, on behalf of himself and the members of the Class hereby demands trial by jury on all issues so triable.

Case 6:11-cv-01512-LEK-ATB   Document 1   Filed 12/22/11   Page 16 of 17

Dated:  December 22, 2011             By his attorneys,

/s/ Gary E. Mason
Gary E. Mason
NY Bar No. 105875
DC Bar No. 418036
Nicholas A. Migliaccio
D.C. Bar No. 484366
MASON LLP
1625 Massachusetts Ave., N.W., Suite 605
Washington, DC 20036
Telephone: (202) 429-2290
Facsimile: (202) 429-2294
E-mail: gmason@masonlawdc.com
         nmigliaccio@masonlawdc.com

Thomas G. Shapiro (BBO #454680)
Ian J. McLoughlin (BBO # 647203)
SHAPIRO HABER & URMY LLP
53 State Street
Boston, MA 02109
Telephone:(617) 439-3939
Facsimile: (617) 439-0134
E-mail: tshapiro@shulaw.com
         imcloughlin@shulaw.com

James T. Capretz
California Bar No. 44442
Don K. Ledgard
California Bar No. 208350
CAPRETZ & ASSOCIATES
5000 Birch Street, Suite 2500
Newport Beach, CA 92660
Telephone: (949) 724-3000
Facsimile: (949) 209-2090
E-mail: jcapretz@capretz.com
         dledgard@capretz.com

Jordan L. Chaikin
Florida Bar No. 0878421
PARKER WAICHMAN ALONSO LLP
3301 Bonita Beach Road, Suite 101
Bonita Springs, Florida 34134
Telephone: (239) 390-1000
Facsimile: (239) 390-0055
E-mail: jchaikin@yourlawyer.com

16

Daniel K. Bryson
N.C. State Bar No. 15781
Scott C. Harris
N.C. State Bar No. 35328
BRYSON LAW PLLC
900 W. Morgan St.
Raleigh, North Carolina 27603
Telephone: (919) 600-5000
Facsimile: (919) 600-5035

*Counsel for Plaintiff and the Members of the Class*